UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| ATCHAFALAYA BASINKEEPER and LOUISIANA CRAWFISH PRODUCERS ASSOCIATION – WEST | CIVIL ACTION NO. 6:10-cv-1085 |
| VERSUS | JUDGE DOHERTY |
| MALLARD BASIN INC. and WHISKEY BAY ISLAND, LLC | MAGISTRATE JUDGE HANNA |

## **REPORT AND RECOMMENDATION**

(Rec. Doc. 15)

Pending before this Court is the plaintiffs' motion to dismiss the defendants' counterclaim. (Rec. Doc. 15). The motion is opposed. (Rec. Doc. 20). The motion was referred to the undersigned for review, report, and recommendation in accordance with in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court. (Rec. Doc. 18). For the reasons set forth below, it is recommended that the motion be denied.

### **BACKGROUND INFORMATION**

In this lawsuit, the plaintiffs allege that the defendants have violated the Clean Water Act ("CWA") by discharging dredged material and/or discharge fill material into Lake Warner, Fisher Lake, Cane Bayou, the Whiskey Bay pilot channel, and

surrounding wetlands. The plaintiffs brought this suit under the citizens' suit provision of the CWA, 33 U.S.C. § 1365, seeking a declaratory judgment that the defendant have violated the CWA, seeking an injunction requiring the area to be returned to its pre-construction status, seeking to have the defendants pay the cost of cleaning up and remediating the area, seeking an award of civil penalties, and seeking an award of litigation costs. The defendants answered the plaintiffs' complaint, asserted affirmative defenses, and asserted a counterclaim for litigation costs under 33 U.S.C. § 1365(d), which provides that a party that prevails or substantially prevails on a CWA claim may recover reasonable attorneys' fees, expert witness fees, and other litigation costs.

The plaintiffs moved for dismissal of the defendants' counterclaim on two grounds. First, the plaintiffs claim that the counterclaim should be dismissed because the defendants failed to comply with the CWA's notice provision, depriving this Court of jurisdiction over the counterclaim. Second, the plaintiffs claim that the defendants failed to assert a claim on which relief may be granted by this Court. Both arguments lack merit, for the following reasons.

## I. THE DEFENDANTS' FAILURE TO PROVIDE NOTICE BEFORE FILING THE COUNTERCLAIM DOES NOT DEPRIVE THE COURT OF JURISDICTION.

The plaintiffs moved for dismissal of the defendant's counterclaim under Rule 12(b)(1) of the Federal Rules of Civil Procedure, contending that this Court lacks jurisdiction over the counterclaim. A district court may resolve such a motion by reviewing (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.[1] The factual allegations of the complaint should be accepted as true, and any ambiguities should be resolved in the plaintiff's favor, mindful that conclusory allegations or legal conclusions masquerading as factual conclusions are insufficient to defeat a motion to dismiss.[2] The party asserting jurisdiction bears the burden of proof with regard to a Rule 12(b)(1) motion to dismiss.[3] Thus, in this case, the defendants must bear that burden. "[A] motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears

---

[1] *Spotts v. United States*, 613 F.3d 559, 566 (5th Cir. 2010); *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

[2] *Wells v. Ali*, 304 Fed. App'x 292, 293 (5th Cir. 2008).

[3] *Ramming v. United States*, 281 F.3d at 161.

certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief."[4]

In this case, the plaintiffs argue that the defendants' failure to provide sixty days notice before filing their counterclaim is a jurisdiction defect mandating that the counterclaim be dismissed. The plaintiffs' complaint was brought under 33 U.S.C. § 1365(a)(1), which permits a citizen to commence a civil action against any person who is alleged to be in violation of an effluent standard or limitation under the CWA or an order issued by a state with regard to such a standard or limitation.[5] The CWA also states that, when such a citizens' suit is brought, "[t]he court... may award costs of litigation (including reasonable attorney and expert witness fees) to any prevailing or substantially prevailing party...."[6] The defendants' counterclaim requests "an award of costs of litigation (including reasonable attorney's fees and expert witness fees), pursuant to 33 U.S.C. § 1365(d), in the event that they are found to be prevailing, or substantially prevailing, parties in this matter."[7]

---

[4] *Ramming v. United States*, 281 F.3d at 161, citing *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998).

[5] See Rec. Doc. 1 at ¶50.

[6] 33 U.S.C. § 1365(d).

[7] Rec. Doc. 13 at ¶58.

The citizens' suit portion of the CWA also contains a sixty day notice requirement. It states, in 33 U.S.C. § 1365(b)(1)(A), that "[n]o action may be commenced... prior to sixty days after the plaintiff has given notice of the alleged violation... to any alleged violator of the standard, limitation, or order...." The plaintiffs aver that they complied with the notice requirement before filing suit,[8] but they contend that the defendants' failure to provide the plaintiffs with sixty days notice before filing the counterclaim deprives this Court of jurisdiction over the counterclaim.

In their opposition memorandum, the defendants explain that they are not alleging in their counterclaim that the plaintiffs have violated the CWA; they are merely asserting their right to recover litigation costs should they ultimately prevail in this litigation.[9]

It is elemental that "the starting point for interpreting a statute is the language of the statute itself."[10] When the language used in a statute is plain, the statute's plain

---

[8] Rec. Doc. 1 at ¶¶9 through 12.

[9] Rec. Doc. 20 at 4.

[10] *United States v. Sealed Appellant 1*, 591 F.3d 812, 817 (5th Cir. 2009), quoting *Consumer Prod. Safety Comm. v. GTE Sylvania, Inc.*, 447 U.S. 102, 108 (1980). See, also, *In re Luongo*, 259 F.3d 323, 336 (5th Cir. 2001).

meaning must be enforced, unless the result would be absurd.[11] The statutory provision at issue here clearly states that notice must be provided by the plaintiff to any alleged violator before an action is commenced. Rule 3 of the Federal Rules of Civil Procedure states that "[a] civil action is commenced by filing a complaint with the court." Thus, the plaintiffs were required to notify the defendants (the alleged violators) before the plaintiffs' original complaint was filed. But the statute contains no requirement that notice must be given before a counterclaim, cross-claim, intervention, or any other type of claim is filed in a pre-existing CWA action. That is consistent with the explanation, set forth in Black's Law Dictionary, that an action is a civil or criminal judicial proceeding largely synonymous with the term "suit," although the word "action" usually applies to proceedings in a court of law while the word "suit" usually applies to proceedings in a court of equity.[12] Thus, a counterclaim, cross-claim, or claim in intervention may be used to add one or more claims to an already existing action but cannot be used to commence an action. The action is commenced only when the initial complaint is filed. Consequently, the plain language of the statute does not impose a notice obligation on the defendants in this

---

[11]  *In re Nowlin*, 576 F.3d 258, 261 -262 (5th Cir. 2009).

[12]  *Black's Law Dictionary*, 32-33 (9th ed. 2009).

case, who are not asserting violations of any environmental laws or regulations but who are asserting a counterclaim in order to preserve their rights under the CWA.

The undersigned finds that the plain language of 33 U.S.C. § 1365(b) does not impose a sixty day notice requirement on a defendant who files a counterclaim for litigation costs in a CWA action but does not assert a claim against the plaintiffs/defendants-in-counterclaim for violation of the CWA.

The jurisprudence indicates that the purpose of the sixty day notice requirement is to give alleged violators an opportunity to take the action necessary to comply with environmental statutes or to bring themselves into compliance with the act, and thus preclude the need for a citizen suit.[13] In this case, the defendants are not contending that the plaintiffs have violated any environmental statutes or have failed to comply with the CWA. Therefore, the purpose for the notice requirement would not be served by imposing that requirement on the defendants. For that additional reason, the undersigned finds that the CWA's citizen suit notice requirement is not applicable to the defendants' counterclaim.

---

[13] See, e.g., *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 175 (2000); *Hallstrom v. Tillamook County*, 493 U.S. 20, 26 (1989); *Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Foundation, Inc.*, 484 U.S. 49, 60 (1987); *Sierra Club v. Shell Oil Co.*, 817 F.2d 1169, 1175 (5th Cir. 1987).

Furthermore, a failure to comply with the CWA's citizen suit notice requirement is not a jurisdictional defect in the Fifth Circuit. To the contrary, the Fifth Circuit has stated that "a notice requirement in the context of a citizen suit provision, although mandatory, is not jurisdictional in the strict sense of the term."[14] Instead, the CWA's notice requirement is "more procedural than jurisdictional."[15] Thus, even if the CWA's notice requirement applied to the defendants in this case, which the undersigned finds it does not, the defendants' failure to comply with the notice requirement would not require this Court to dismiss the counterclaim for lack of jurisdiction.

The undersigned finds that the claims asserted by the plaintiffs in their complaint arise under a federal statute and present a federal question. The claim asserted by the defendants in their counterclaim arise under the same federal statute and similarly presents a federal question. Consequently, this Court has jurisdiction over the claims asserted by the plaintiffs and defendants in this lawsuit. Accordingly, the undersigned recommends that the plaintiffs' Rule 12(b)(1) motion should be denied.

---

[14] *Lockett v. Environmental Protection Agency*, 319 F.3d 678, 682 (5th Cir. 2003) (internal quotations omitted). See, also, *Sierra Club v. Yeutter*, 926 F.2d 429, 437 (5th Cir. 1991).

[15] *Lockett v. EPA*, 319 F.3d at 682.

## III. THE DEFENDANTS' COUNTERCLAIM SUFFICIENTLY STATES A CLAIM.

The defendants' second contention is that the defendants' counterclaim should be dismissed, under Rule 12(b)(6) of the Federal Rules of Civil Procedure, because the defendants have not asserted a claim upon which relief can be granted.

A motion to dismiss for failure to state a claim, under Rule 12(b)(6), is appropriate when a defendant attacks a complaint because it fails to state a legally cognizable claim.[16] Rule 12(b)(6) motions to dismiss are disfavored and should be denied unless the moving party can show that his opponent cannot prove a plausible set of facts in support of his claim that would entitle him to relief.[17]

When considering such a motion, a district court must limit itself to the contents of the pleadings, including any attachments thereto.[18] The court must accept all well-pleaded facts as true, and it must view them in the light most favorable to the plaintiff.[19] But conclusory allegations and unwarranted deductions of fact are not

---

[16] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

[17] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[18] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

[19] *In re Katrina*, 495 F.3d at 205 (internal quotations omitted), quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

accepted as true.[20] Thus, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[21]

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[22] The plaintiff's obligation is "to provide the 'grounds' of his 'entitle[ment] to relief' [and] requires more than labels and conclusions."[23] The allegations must be sufficient "to raise a right to relief above the speculative level,"[24] and "the pleading must contain something more... than... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."[25] Detailed factual allegations are not required, but a formulaic recitation of the elements of a cause of action will not suffice.[26] If the plaintiff fails to allege facts

---

[20] *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982), citing *Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir. 1974); *Collins*, 224 F.3d at 498.

[21] *Bell Atlantic v. Twombly*, 550 U.S. at 555, quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

[22] *Bell Atlantic v. Twombly*, 550 U.S. at 570.

[23] *Bell Atlantic v. Twombly*, 550 U.S. at 555, citing *Papasan v. Allain*, 478 U.S. at 286.

[24] *Bell Atlantic v. Twombly*, 550 U.S. at 555.

[25] *Bell Atlantic v. Twombly*, 550 U.S. at 555, quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).

[26] *Bell Atlantic v. Twombly*, 550 U.S. at 555 (citations, quotation marks, and brackets omitted) (emphasis added). See, also, *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1950 (2009).

sufficient to "nudge[ ][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed."[27]

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[28] Furthermore, "determining whether a complaint states a plausible claim for relief... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[29]

Therefore, once the plaintiffs' factual allegations are identified, the court must draw on its judicial experience and common sense and determine whether those facts, which need not be detailed or specific, allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[30]

In this case, the plaintiffs contend that the defendants' counterclaim fails to state a claim because the defendants have not asserted that the plaintiffs have violated the CWA. But the defendants' counterclaim is clear that the relief sought is the recovery of litigation fees in the event that the defendants prevail in this litigation.

---

[27] *Bell Atlantic v. Twombly*, 550 U.S. at 570.

[28] *Ashcroft v. Iqbal*, 129 S.Ct. at 1949.

[29] *Ashcroft v. Iqbal*, 129 S.Ct. at 1950.

[30] *Ashcroft v. Iqbal*, 129 S.Ct. at 1949, *Bell Atlantic v. Twombly*, 550 U.S. at 556.

Such recovery is expressly permitted under the CWA. The CWA does not limit the recovery of litigation costs in citizens' suits to those parties who assert claims for violation of the statutes. To the contrary, the CWA states that an award of litigation costs may be made "to *any* prevailing or substantially prevailing party."[31]

The defendants were sued under the CWA, and there is a possibility that the defendants may ultimately prevail. In CWA cases, a prevailing defendant may recover litigation costs if the underlying action is determined to be frivolous, unreasonable, groundless, or vexatious.[32] Thus, the plain language of the statute indicates that, if certain conditions have been met at the conclusion of the litigation, the defendants may be entitled to recover their litigation costs.

The plaintiffs argue that the defendants should be limited to filing a motion for litigation costs after judgment has been entered on the merits of this case. While the jurisprudence contains examples of defendants asserting their claims for litigation costs in motions filed after the court entered its final judgment,[33] it also contains

---

[31] 33 U.S.C. § 1365(d) (emphasis added).

[32] *Environmental Conservation Organization v. City of Dallas*, 2007 WL 4165917, 1 (N.D. Tex. 2007). See, also, *Sierra Club v. City of Little Rock*, 351 F.3d 840, 847 (8th Cir. 2003), citing *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 421 (1978); *Browder v. City of Moab*, 427 F.3d 717, 723 (10th Cir. 2005), citing *Christiansburg v. E.E.O.C.*, 434 U.S. at 422.

[33] See, e.g., *Environmental Conservation Organization v. Dallas*, 2007 WL at 1.

examples of defendants asserting their claims for litigation costs in counterclaims.[34] No authority was located that prohibits the use of a counterclaim for the assertion of a defendant's right to recover litigation costs should it prevail in a CWA lawsuit.

Furthermore, a claim is nothing more than "the aggregate of operative facts giving rise to a right enforceable by a court," "the assertion of an existing right," or "a demand for money, property, or a legal remedy to which one asserts a right."[35] The undersigned finds that, by reiterating in the counterclaim the allegations made in their answer and affirmative defenses, and by asserting their claim for litigation costs in response to the facts alleged in the plaintiffs' complaint, the defendants have sufficiently alleged a valid claim for recovery of litigation costs at the conclusion of the litigation should they prevail. Accordingly, the undersigned recommends that the plaintiffs' motion to dismiss, under Rule 12(b)(6), should be denied.

### CONCLUSION AND RECOMMENDATION

For the reasons set forth above, the undersigned finds that the plaintiffs' motion to dismiss the defendants' counterclaim should be DENIED.

---

[34] See, e.g., *Weber v. Trinity Meadows Raceway, Inc.*, 1996 WL 477049, 1 (N.D. Tex 1996).

[35] *Black's Law Dictionary*, 281-82 (9th ed. 2009).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b) of the Federal Rules of Civil Procedure, parties aggrieved by this recommendation have fourteen days from receipt of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after receipt of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of receipt, or within the time frame authorized by Fed. R. Civ. P. 6(b) shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plan error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, this 7th day of February, 2011.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)