RECEIVED
MAR 2 2 2011
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| LA. CRAWFISH PRODUCERS ASS'N WEST, ET AL. | CIVIL ACTION NO. 10-1085 |
| VERSUS | JUDGE DOHERTY |
| MALLARD BASIN, INC., ET AL. | MAGISTRATE JUDGE HANNA |

### MEMORANDUM RULING ON MOTION TO DISMISS

This matter was referred to United States Magistrate Judge Patrick J. Hanna for report and recommendation. After an independent review of the record, including the objections filed, this Court concludes the magistrate judge's report and recommendation is correct and adopts the findings and conclusions therein as its own.

With respect to the report issued by the magistrate judge, pursuant to 28 U.S.C. § 636(b)(1), "[a] judge of the court shall make a *de novo* determination of those portions of the [magistrate judge's] report [and recommendation] or specified proposed findings or recommendations to which objection is made." Section 636(b)(1) further states "[a] judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." Therefore, this Court makes a *de novo* review of the portions of the magistrate judge's report to which the defendants object. *See Hernandez v. Estelle*, 711 F.2d 619, 620 (5th Cir. 1983).

Notwithstanding the foregoing standard of review, the Fifth Circuit has noted the failure to present arguments to the magistrate judge can, in certain circumstances, constitute a waiver of such

argument. *See, e.g., Cupit v. Whitley*, 28 F.3d 532, 535 n.5 (5th Cir. 1994).[1]

In the instant case, this Court notes that within their Objections, the plaintiffs have asserted new arguments, most notably their ripeness argument, not previously presented to the magistrate judge. Pursuant to *Cupit*, this Court is not required to consider arguments not raised before the magistrate judge and raised for the first time before this Court in an Objection. Despite the foregoing, this Court has considered the plaintiffs' ripeness argument and concludes it overreaches and lacks merit. Were this Court to accept such an argument, it would have to accept that any claim for attorneys' fees -- including the claim for attorney's fees asserted by the plaintiffs in this case in their original complaints – are not ripe, inasmuch as such claims are never ripe when they are initially filed, as the litigation has not been resolved at the point the claim for fees is asserted. Yet, the jurisprudence is replete with cases showing it is proper and appropriate for a plaintiff to assert -- in his original complaint, before the litigation has been resolved and before any party has been named a prevailing party – a claim for attorneys' fees. The instant litigation is no different. Therefore, this Court concludes the plaintiffs' ripeness argument is overreaching and without merit.

In all other respects, this Court has reviewed and considered the Objections asserted by the

---

[1] In *Cupit*, the Fifth Circuit cited three cases expounding on this maxim. *See, e.g., Long v. McCotter*, 792 F.2d 1338, 1345 (5th Cir.1986) ("we ordinarily do not consider issues that have not been presented to the court of first instance") (citations omitted). *See also e.g., Paterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985, 990-991 (1st Cir.1988) (explaining that a party "has a duty to put its best foot forward" before the Magistrate Judge-i.e., "to spell out its arguments squarely and distinctly"-and, accordingly, that a party's entitlement to de novo review before the district court upon filing objections to the Report and Recommendation of the Magistrate Judge does not entitle it to raise issues at that stage that were not adequately presented to the Magistrate Judge); *Anna Ready Mix, Inc. v. N.E. Pierson Construction Co.*, 747 F.Supp. 1299, 1302-03 (S.D. Ill.1990) (thoroughly analyzing the federal Magistrate Judge Act, 28 U.S.C. § 631, *et seq.*, and discerning therefrom that when a matter is assigned to a Magistrate Judge, Congress intended that the Magistrate Judge hear all arguments of the parties and take all evidence; and, accordingly, holding that while the Act provides for de novo review by the district court if timely objections are filed, it does not allow the parties to raise at the district court stage new evidence, argument, and issues that were not presented to the Magistrate Judge-"absent compelling reasons"). *See Cupit*, 28 F.3d at 535 n.5.

plaintiff and concludes they lack merit. For these reasons, the recommendation of the magistrate judge is AFFIRMED.

Considering the foregoing,

IT IS ORDERED that plaintiffs' Motion to Dismiss Defendants' Counterclaim" [Doc. 15] is DENIED in its entirety.

THUS DONE AND SIGNED in Lafayette, Louisiana, this \_\_22\_\_ day of March 2011.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE