RECEIVED
OCT - 3 2012
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| LA. CRAWFISH PRODUCERS ASS'N WEST, ET AL. | CIVIL ACTION NO. 10-1085 Consol. w/11-0461 |
| VERSUS | JUDGE DOHERTY |
| MALLARD BASIN, INC., ET AL. | MAGISTRATE JUDGE HANNA |

## MEMORANDUM RULING AND ORDER

This matter comes before the Court by way of a unique procedural posture. On March 15, 2012, the magistrate judge granted the "Federal Defendants' Motion for Voluntary Remand and Temporary Stay of the Litigation" [Docs. 50, 53], concluding the instant matter should be stayed pending the agency review process by the Army Corps of Engineers pursuant to 33 C.F.R. §325.7, and the matter remanded to the Corps to conduct its review process. In granting the motion to stay/remand, the magistrate judge imposed certain conditions on the activities that can be conducted by the defendants, including a cessation of property management activities through June 2012, following which the defendants could request an opportunity to advise the Court of the then-current environmental condition of the property and request any adjustment that might be necessary at that point in time. By that agreement, Fisher Lake was not to be drained during the spring months, and there was to be no application of herbicides in the area, conditions imposed by the magistrate judge in an effort to alleviate potential prejudice to the plaintiffs during the term of the stay. The Court also ordered that the Corps of Engineers report to the Court on a monthly basis to advise of the progress of the permit review process. [Doc. 68].

The plaintiffs appealed the magistrate judge's decision to this Court on April 6, 2012 [Doc. 71], arguing the Court should reconsider the decision to stay the case, and requesting that the

litigation immediately proceed. Alternatively, the plaintiffs requested that in the event this Court upholds the stay, the Court reconsider the magistrate judge's failure to condition the stay upon vacatur of the permits at issue in the member case pending the stay, as well as his failure to limit the duration of the stay by not setting an end date for the stay.[1]

Pursuant to the magistrate judge's ruling, the Corps's review process was to be completed sometime in August 12, 2012. In mid-July 2012, the magistrate judge conducted a telephone status conference with counsel to discuss the status of the case. At that time, the magistrate judge inquired of the Corps when a final draft of its report and determination regarding the permits could be expected. Corps attorneys indicated the mid-August, 2012 date remained a reasonable target date for completion of the review process, therefore the magistrate judge ordered that the stay remain in place until further court order. The Corps was ordered to continue to report to the Court on a monthly basis, and the conditions originally imposed on the defendant's activities during the stay were continued. [Doc. 81].

The Corps's draft decision was completed on August 6, 2012 and posted on that date on the Corps's district regulatory website. The 20-day public comment period commenced on August 7, 2012. However, on September 4, 2012, seemingly after the deadline to post comments, the plaintiffs submitted voluminous comments to the Corps via email, including more than 360 pages of comments and exhibits deemed material to the Corps's determination. Additionally, in its monthly report to the magistrate judge dated September 12, 2012, the Corps notified the magistrate judge that

---

[1] The applicable standard of review on appeal to this Court is as follows: With some exceptions inapplicable for purposes of this motion, a magistrate judge may hear and determine any pre-trial matter pending before a district court. 28 U.S.C. §636(b)(1). Federal law affords the magistrate judge broad discretion in the resolution of non-dispositive matters. *See* Fed. R. Civ. P.72(a). With regard to a non-dispositive matter, a district court will reverse a magistrate judge's ruling only if the party challenging the decision demonstrates that the magistrate's determination was clearly erroneous or contrary to law. *Id.*; *Castillo v. Frank*, 70 F.3d 382, 385-86 (5th Cir. 1995).

T.A. Halliday, an attorney for the Corps's New Orleans District who had been handling the litigation for the Corps since its inception, was transferred to another Corps district, effective September 9, 2012. The Corps advised the case is being assigned to another attorney in the New Orleans District.

In considering the issues raised on appeal, this Court notes had the Corps made its final decision regarding the permits at issue by mid-August, 2012 as expected, and the timing of which was confirmed as recently as July 2012, the decision itself would have rendered the instant appeal moot. Notwithstanding the foregoing, in preparing for the pre-trial conference in this matter, which remains set on the calendar on October 23, 2012, this Court has had an opportunity to review the entirety of the docket, and concludes the decision of the magistrate judge to stay the case and continue the stay until the agency review process is complete is factually and legally supported.[2] Indeed, the magistrate judge properly stayed the case in March 2012 in order to give the Corps an opportunity, under the federal regulations, to review the permit process and attempt to resolve this case without judicial intervention. Proceeding with the litigation while the Corps reviews its permit process – the resolution of which might resolve many of the issues involved in the litigation – hardly seems an efficient use of already-strained judicial resources.

Furthermore, the magistrate judge imposed the stay with conditions designed to specifically ameliorate any potential prejudice to the plaintiffs by restricting any activities of the defendants that might adversely affect the environmental condition of the property in question pending the stay. Monthly reporting by the Corps to the magistrate judge limits the potential for an abuse of the length of the stay by the Corps, as the Corps is required to regularly provide the parties and the Court with updates of the status of the review process. Therefore, the potential prejudice to the plaintiffs is

---

[2] See cases supporting stay and/or remand in cases involving agency determinations when there is ongoing litigation related to the actions of the agency, cited on pages 6-7 of the magistrate judge's ruling, Doc. 68.

limited, while the potential benefits to all should the matter be resolved through the agency review process is maximized.

Importantly, the Corps did, in fact, comply with the August 2012 deadline for issuance of a final draft report regarding the permits, issuing a report on August 6, 2012. The fact that the report was not finalized in August 2012 is due in no small part to the actions of the *plaintiffs*, who produced to the Corps more than 360 pages of materials in response to the Corps's draft final report, all material that must be sifted through and considered by the Corps before it can present its final determination on the permits.

The Court finds no merit in the plaintiffs' specific requests that this Court vacate the permits while the case is stayed and/or impose an end date on the stay. As the magistrate judge pointed out in his ruling, there is little to be gained by proceeding with the litigation and vacating the permits pending the stay. After completion of the agency review process, the permits involved in this litigation will either be (a) reinstated in their current form and transferred to the new owners; (b) modified by limitation of expansion; or (c) revoked altogether. If the permits are revoked, the legal issues presented in both cases before this Court will be moot, and the plaintiffs will have prevailed. If the permits are modified and transferred, the litigation *may* continue depending on the modifications, but the new owners will be made parties going forward. If the permits are ratified and transferred, then the litigation will proceed as it started. In light of the foregoing, vacating the permits at this juncture appears to this Court to be premature.

As to the second request of the plaintiffs, the stay, as imposed by the magistrate judge, is not open-ended. Indeed, the stay is temporary and will continue only for the period in which it will take the Corps to complete its agency review process. The Corps has repeatedly provided updates and

a target date for completion – albeit, as explained above, a target date that was not satisfied due in no small part to the actions of the *plaintiffs*.

Finally, this Court notes the Corps's attorney handling this litigation since its inception has been re-assigned, and this Court concludes prejudice to the defendants would inure were the stay to be lifted and the litigation forced to proceed at this time.

For all of the foregoing reasons, this Court concludes the magistrate judge's ruling to stay the case was appropriate under the circumstances. It is also apparent to this Court that the instant matter is not in a proper posture for trial.[3]

Considering the foregoing,

IT IS ORDERED that the decision of the magistrate judge to stay the instant matter pending the completion of the Corps's agency review process pursuant to 33 C.F.R. §325.7, and his Ruling dated March 15, 2012 [Doc. 68], are AFFIRMED. IT IS FURTHER ORDERED that the instant case shall remain STAYED AND SHALL BE PLACED ON THIS COURT'S ADMINISTRATIVE DOCKET. Notwithstanding the continuation of the stay, all reporting requirements to the magistrate judge remain in effect.

It is further ORDERED that the trial and pre-trial conference dates are UPSET. The trial will be reset, if necessary, upon completion of the agency review process.

IT IS FURTHER ORDERED that the magistrate judge shall immediately notify this Court upon receipt of the Corps's final decision on the permits in question.

---

[3]This Court had assumed that, because the instant matter was stayed, the parties were aware the current pre-trial conference and trial dates could not go forward. However, because these dates remain pending dates on the CM/ECF court system, out of an abundance of caution, this Court upsets the dates.

The Clerk of Court shall provide the magistrate judge with a copy of this Ruling.

THUS DONE AND SIGNED in Lafayette, Louisiana, this ___3___ day of October, 2012.

*[Signature]*
REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

COPY SENT

DATE: 10-3-12

BY: eja

TO: RJH/pj