UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

ATCHAFALAYA  BASINKEEPER and          CIVIL ACTION NO. 6:10-cv-1085
LOUISIANA CRAWFISH  PRODUCERS          *consolidated with* 6:11-cv-461
ASSOCIATION – WEST

VERSUS                                 JUDGE DRELL

MALLARD BASIN INC. and                 MAGISTRATE JUDGE HANNA
WHISKEY BAY ISLAND, LLC

**RULING**
*(Rec. Doc. 91)*

Before the undersigned is the Motion for Leave to Intervene in the member

case of this consolidated action (No. 6:11-cv-461), filed by Mallard Basin, Inc.

Whiskey Bay Island, LLC, and Atchafalaya Investments, LLC, collectively

referencing themselves as "Landowners." [Rec. Doc. 91] The motion is opposed by

the plaintiffs. [Rec. Doc. 93]  The government "takes no position" regarding the

motion.

***Factual and Procedural Background:***

In 2010, Louisiana Crawfish Producers Association – West and Atchafalaya

Basinkeeper sued Whiskey Bay Island, LLC and Mallard Basin, Inc., alleging the

defendants violated the Clean Water Act by filling wetlands and other alleged

wrongful and environmentally harmful activities without a valid permit in Fisher

Lake. [Civil Action No. 10-cv-1085]  A counterclaim was filed by Whiskey Bay

Island, LLC and Mallard Basin, Inc. against the Plaintiffs for litigation costs pursuant to 33 U.S.C. §1365(d).  In 2011, by a separate proceeding [Civil Action No. 11-cv-461], Louisiana Crawfish Producers Association – West, Atchafalaya Basinkeeper, and Louisiana Environmental Action Network sued the United States Army Corps of Engineers (the Corps) concerning the issuance of 'after-the-fact' permits to Whiskey Bay Island, LLC and Mallard Basin, Inc. for activities that had been conducted in and around Fisher Lake. The cases were consolidated since the 2010 lawsuit alleges the defendants' activities were conducted without a valid permit and the 2011 lawsuit challenges the validity of the after-the-fact permits issued by the Corps to the defendants.

On July 25, 2011, Mallard Basin transferred its interest in the property at issue to Atchafalaya Investments, LLC.  Atchafalaya sought new permits or alternatively transfer of the old permits.  Additionally, Atchafaylaya sought to add a use to the permits for recreational duck/deer hunting, frogging, crawfishing, fishing, bird watching, alligator hunting, and general wildlife enjoyment.

On November 10, 2011, the Corps communicated with the new owner by certified letter, summarizing the scope of the permits issued to Mallard Basin and also notifying the new owner of the litigation underway in this court relative to the permits.  Per the Corps,

In light of (I) the alleged violations of environmental law advanced by
the plaintiffs in the litigation mentioned above, (ii) the new ownership
of Fisher Bottoms and the potential for new project uses, and (iii) the
agency's absence of knowledge about the present condition of the
property, in particular the permittee's activities and water management
practices since we issued these permits more than a year ago, we believe
a reevaluation of permit conditions is appropriate before we respond to
your transfer request. [Rec. Doc. 50-2, pp.2-3]

The Corps declared its intention to review its original findings, modifying
them, if warranted, per its authority derived through 33 C.F.R. 325.7.   The
reevaluation process was described in detail in the letter, including possible actions
to be taken based on evidence gathered.   The court issued an order staying the
consolidated cases to allow for completion of the review process. [Rec. Doc. 68] The
Corps issued its initial draft Decision Document on August 6, 2012.  After receipt of
comments and responses regarding the initial document, a Revised Decision
document was issued February 13, 2013, affirming the previous issuance of the
individual permit and approving the nationwide permit and transfer of all permits to
Atchafalaya.  On April 5, 2013, the stay was lifted and the consolidated cases were
reopened.  The plaintiffs have sent an intent to sue letter to the Corps and have
indicated to this Court their intent to file a Second Amended Complaint to challenge
the new permit.

***The Positions of the Parties:***

The movants are the new owner and current permittee (Atchafalaya Investments), the former owner of the property at issue until July 25, 2011(Mallard Basin), and the owner of adjacent property with servitudes over parts of the property at issue (Whiskey Bay Island).   The  movants assert they have significant interests as owners/permittees/invitees relating to the property at issue in this litigation; that disposition of the case may impair/impede their ability to protect their property interests, and that the Corps cannot adequately defend their interests.

Plaintiffs argue that Mallard Basin and Whiskey Bay Island, as 'invitees' have no legally protectable interest in the litigation, and, even if they did, they have known of those interests since the inception of litigation and therefore are untimely in waiting to file the intervention.  They also argue that the Corps can and does adequately represent the interests of the movants, sharing precisely the same objective - the validity of the permits- and therefore, the movants have not met their burden to establish their right to intervene under Fed. R. Civ. P. 24.

***Applicable Law and Discussion*:**

There are two kinds of intervention allowable under Rule 24:

   (a) **Intervention of Right**.  On timely motion, the court must permit anyone to intervene who:
   (1) is given an unconditional right to intervene by a federal statute; or
   (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the

action may as a practical matter impair or impede the movant's
ability to protect its interest, unless existing parties adequately
represent that interest.

(b) **Permissive Intervention**.
(1)In General.  On timely motion, the court may permit anyone to
intervene who:
(A) is given a conditional right to intervene by a federal
statute; or
(B) has a claim or defense that shares with the main action
a common question of law or fact.

A motion to intervene under Rule 24(a)(2) is proper when: (1) the motion is

timely; (2) the potential intervenor asserts an interest that is related to the property or

transaction forming the basis of the controversy in the case; (3) the disposition of the

case may impair or impede the potential intervenor's ability to protect his/her interest;

and (4) the existing parties do not adequately represent the potential intervenor's

interest. *Saldana v. Roach*, 363 F.3d 545, 551(5th Cir. 2004); *Ross v. Marshall*, 426

F.3d 745(5th Cir. 2005).  The court's inquiry under this subsection of the rule is

flexible, focusing on the particular facts and circumstances surrounding each

application.  Intervention should generally be allowed where "no one would be hurt

and greater justice could be attained." *Sierra Club v. Espy*, 18 F.3d 1202, 1205(5th

Cir. 1994)

Based on the factual and procedural chronology set out above, and applying the

factors set forth in *Stallworth v. Monsanto, Co.*, 558 F.2d 257, 264-66 (5th Cir. 1977),

the undersigned finds that the motion at issue is timely as it was filed three months after the final decision by the Corps, one month after the lifting of the court's stay order and before the amending complaint is filed.

All three potential intervenors have satisfied at least some of the remaining factors to warrant the application of the 'intervention of right' provisions.  The parties acknowledge that a goal of the plaintiffs is to have the Corps-issued permits set aside. Atchafalaya, as the current owner of the property and holder of the permits, has the most direct, substantial and legally protectible interest in the subject matter of this action, which interest could be impaired or impeded by the disposition of this case[1]. Whiskey Bay Island owns land adjacent to the property at issue and owns some small parcels of land within the land area at issue.  Whiskey Bay has no ownership interests in the permits, but does have significant servitudes and other rights over the property at issue, evidenced in the Servitude Agreement placed into the record during oral argument [Ex. 1], including rights of way, rights of use and passage over and across the property, for hunting, boat docking, water movement, drainage, electricity and other rights. Those interests would be affected should the permits be set aside as a result of this litigation.  Mallard Basin's property interests have been transferred to

---

[1]To date, there is no indication from any party that Atchafalaya Investments LLC will be made a defendant in this matter.  Mallard Basin and Whiskey Bay Island remain defendants in the original suit.

Atchafalaya as of July 25, 2011.  Thus, Mallard no longer has a direct or substantial interest in the subject property.  On the other hand, Mallard remains a defendant in the lead case and retains an interest in the outcome of this litigation as the validity of the original permits does impact its defense of the claims of Clean Water Act violations.

With regard to the fourth *Saldana* factor, the movers argue that the Corps does not adequately represent their interest in this litigation.  Per the movers, the Corps acts in this litigation to defend its processes, acting in the public's best interests.  The Corps' purpose is therefore not to defend the permits themselves, which is the objective of the movers.  They point to the Corps' re-evaluation action regarding the permits, undertaken to consider alleged violations of environmental law by the permittees.  They also note the Corps' declaration in response to the instant motion that it "takes no position" regarding the issues presented.  Thus, the movers argue that their interests cannot be adequately represented by the Corps in this action.  The plaintiffs counter that throughout this litigation, the Corps has been "solidly behind" the permits, fighting for their validity, and they point to the cooperative relations between movers and the Corps during the recent permit re-assessment process.

In *Espy*, the court found that an intervention applicant satisfies the final prong of the Rule 24(a)(2) test by showing that his interest "may be" inadequately

represented.  *Sierra Club v. Espy*, 18 F.3d 1202, 1207(5th Cir. 1994).  However, when an intervention applicant shares "the same ultimate objective as a party to the suit, the existing party is presumed to adequately represent the party seeking to intervene unless that party demonstrates adversity of interest, collusion, or nonfeasance." *Haspel & Davis Milling & Planting Co. v. Bd. Of Levee Comm'rs*, 493 F.3d 570, 578-79 (5th Cir. 2007) (*quoting Kneeland v. Nat'l Collegiate Athletic Assn.*, 806 F.2d 1285, 1288(5th Cir. 1987).  Considering the argument that the Corps will "fight for the validity of the permits," the record nonetheless allows for the distinction between the Corps' action in the public's interest, including the documented re-evaluation of permits to investigate alleged violations, and the movers' more self-serving interests in defending the permits.  Based on the arguments of the parties and consideration of the applicable case law, the undersigned finds that the movers have satisfied the minimal burden of the fourth prong.

### Conclusion

Based on the foregoing, the Court concludes that Atchafalaya Investments, LLC and Whiskey Bay Island, LLC are entitled to intervene as of right under Rule 24(a)(2) since it has satisfied the four-factor requirements discussed above.  The

motion is therefore GRANTED as to Atchafalaya Investments, LLC and Whiskey Bay Island LLC.

The motion is also GRANTED as to Mallard Basin Inc.  Although the Court finds Mallard Basin no longer has sufficient interests in the property, permits, or other aspects of this action to be entitled to intervene of right under Rule 24, permissive intervention under Rule 24(b) is appropriate since Mallard Basin remains a defendant in the lead case, and in its defense against the alleged Clean Water Act violations, the validity of the **previous** permits involves a common question of law or fact.

Signed at Lafayette, Louisiana, this 27th day of June, 2013.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)