UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LOUISIANA CRAWFISH PRODUCERS ASSOCIATION-WEST, ET AL., | ) ) ) | |
| *Plaintiffs,* | ) ) | No. 6:10-cv-01085-RFD-PJH (Lead) No. 6:11-cv-00461-RFD-PJH (Member) |
| v. | ) ) | JUDGE DEE D. DRELL |
| MALLARD BASIN, INC., ET AL., | ) ) | MAGISTRATE JUDGE PATRICK J. HANNA |
| *Defendants,* | ) ) | |
| LOUISIANA CRAWFISH PRODUCERS ASSOCIATION-WEST, ET AL., | ) ) ) ) | |
| *Plaintiffs,* | ) ) | |
| v. | ) ) | |
| LIEUTENANT GENERAL ROBERT L. VAN ANTWERP, ET AL., | ) ) ) | |
| *Defendants.* | ) ) | *155-004* |

**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE PORTIONS OF SECOND SUPPLEMENTAL ADMINISTRATIVE RECORD**

Pending before this Court is Plaintiff's Motion to Strike Portions of Second Supplemental Administrative Record in Case Number 6:11-cv-00461-RFD-PJH [Doc. 118] which is opposed by the government. For the reasons which follow, the motion is denied.

*Factual and Procedural Background*

At issue in the member case of these consolidated cases is the validity of permits issued by the Corps of Engineers (the Corps) to private entities who either currently own or formerly

owned and occupy an area of the Atchafalaya Basin known as Fisher Bottoms. In the lead case, the plaintiffs sued Mallard Basin, Inc. and Whiskey Bay Island LLC under the citizen's suit provisions of the Clean Water Act, 33 U.S.C. § 1365(a) alleging that Mallard Basin and Whiskey Bay discharged fill material into the navigable waters of the United States without a valid permit in violation of Section 311 of the Act.  In the member case, the plaintiffs sued the Corps and Lt. Gen. Van Antwerp in his official capacity as Commanding General of the Corps[1] alleging the Corps arbitrarily and capriciously issued "after-the -fact" permits to Mallard Basin in violation of the Endangered Species Act, the Administrative Procedures Act, the National Environmental Policy Act, and the Clean Water Act.

After the cases were consolidated, Mallard Basin conveyed its interests in the property to Atchafalaya Investments, LLC who sought to transfer the permits issued by the Corps to Mallard Basin.  The Corps sought a voluntary remand and stay of these proceedings in order to reevaluate the two permits. Over objection by the plaintiffs, the motion was granted by the undersigned and a stay was entered in March of 2012. The decision was appealed to the district court and was affirmed in October of 2012. The cases were placed on the court's Administrative Docket and monitored by the undersigned during the reevaluation process.

The plaintiffs provided numerous comments to the Corps during the decision making process. Once the Corps completed the reevaluation process, it approved the transfer of the permits to Atchafalaya Investments, and issued a Revised Decision Document in February of 2013.  The stay was lifted in April of 2013 and the Corps was ordered to lodge the administrative record no later than July 26, 2013.

Atchafalaya Investments, Mallard Basin and Whiskey Bay moved to intervene as

---

[1] Lt. Gen. Thomas Bostwick is now named in this capacity. (Rec. Doc. 119)

defendants in the member case. Atchafalaya, as the current owner of the property and holder of the permits was allowed to intervene of right under Fed.R.Civ. P. 24. Whiskey Bay Island has no ownership interests in the permits, but owns some small parcels of land on the property at issue as well as land adjacent to the property at issue with servitudes of use and passage over the subject property as well. Thus, Whiskey Bay was granted leave to intervene of right under Fed. R. Civ. P. 24. as well. Although Mallard Basin no longer owns the property at issue, nor does it have any interests in the permits, because it remains a defendant in the lead case the validity of the previous permits impacts its defense of the Clean Water Act claims. Thus, Mallard Basin was given leave to permissively intervene under Rule 24(b).[2] The plaintiffs have also amended their complaint against the Corps to include a challenge to the reevaluation and the permits issued to Atchafalaya Investments. (Rec. Doc. 119)

On July 26, 2013 the Corps lodged the Supplemental Administrative Record. (Rec. Doc. 102) The plaintiffs objected that the record was incomplete citing documents which appeared to be "inadvertently deleted" along with a number of photographs contained on a CD that was submitted to the Corps by the plaintiffs. (Rec. Doc. 103) In response, the Corps agreed to supplement the record to include the items requested by the plaintiffs. The Corps also stated that it would be "correcting the omission of a page from Exhibit XIII to Final Permit Re-Evaluation and Revised Decision Document (2/13/12) and the omission of certain photographs of an excavated ditch." (Rec. Doc. 107)

The Corps filed its "Second Supplement to the Administrative Record" on October 13, 2013. (Rec. Doc. 115) The plaintiffs moved to strike portions of the Second Supplemental

---

[2] There are also counter-claims brought by the non-federal defendants for attorneys' fees.

Record on the basis that pages 966-974 of the supplemental record were not verified, and that "evidence in the record suggests that the Corps decision-makers who issued the challenged permits did not consider, nor were they even aware of, the documentation..." (Rec. Doc. 118). The plaintiffs state that "the evidence suggests that the impermissible additional documentation - consisting of undated, unattributed photographs - constitutes a post-decisional attempt by the Corps to gin up the record supporting its erroneous findings in support of its decision to issue the after-the-fact dredge and fill permits at issue in this case." *Id*.

In response, the Corps provided a declaration by Michael Herrmann, the Regulatory Project Manager of the Regulatory Branch of the New Orleans District of the Corps. (Rec. Doc. 133). Mr. Herrmann declared under penalty of perjury that the photographs and satellite images that were the subject of the plaintiffs' motion were considered by the Corps in its decision on the permit re-evaluation and had been submitted as part of resolution of a Clean Water Act violation for which the Corps had issued a Cease and Desist Order to Whiskey Bay in October of 2010. The materials were also a part of that administrative record. The declaration identifies when the photographs were taken, by whom and for what purpose. Mr. Herrmann also points out where the issues addressed by these photographs are referenced in the Final Permit Re-evaluation and Revised Decision Document.

Plaintiff responded by objecting to the timeliness of the declaration and that the declaration was not based on Herrmann's personal knowledge. In their reply memorandum, as opposed to a separate motion, plaintiffs also seek to strike Mr. Herrmann's declaration pursuant to Fed.R.Civ. P. 12(f). (Rec. Doc. 134) Given the request for relief set forth in the reply memorandum, the Corps was given leave to file a response. (Rec. Doc. 137) The Corps confirmed Mr. Herrmann had personal knowledge that the photographs at issue were used in the

reevaluation process. Furthermore, the Corps pointed out that a person responsible for the supervision of an administrative process is entitled to rely on the information he or she has been given in the assembly of the administrative record from those they supervise rather than require an affidavit from every single person involved in the assembly of the record.

As to the timeliness issue, this Court notes the brief by the Corps was filed timely and the declaration of Mr. Herrmann was filed a day later.  The one day delay was attributed to an inadvertent omission of the declaration from the brief filed by the Corps and the actions of the Corps in trying to clarify the means to get the declaration filed properly. The inquiry/response and actions of the Corps were all supported by email communications between counsel and the Clerk of Court's staff.

### *Applicable Law and Analysis*

Although procedurally deficient since it was raised in a reply memorandum, this Court will address the request to strike Mr. Herrmann's declaration as a threshold matter.  Under Fed.R.Civ.P. 12(f), "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  The scope of Rule 12(f) enabling the court to strike matters is decidedly narrow as "a drastic remedy to be resorted to only when required for the purposes of justice." *Augustus v. Board of Public Instruction of Escambia Cnty., Fla.,* 306 F.2d 862, 868 (5th Cir. 1962); *Cargo v. Kansas City Southern RR.Co.* 2011 WL 1234391 *1 (W.D. La. 2011).

Redundant matter consists of allegations that constitute a needless repetition of other averments in the pleading. C. Wright & Miller, 5C Fed. Prac. & Proc.3d § 1382. There is no evidence, nor do the plaintiffs suggest, that the declaration is redundant.

Immaterial matter is that which has no essential or important relationship to the claim for

relief or the defenses being pleaded. *Id.* Immateriality is established by showing that the challenged allegations, "can have no possible bearing upon the subject matter of the litigation." *Bayou Fleet Partnership, LLC v. St. Charles Parish,* No. 10-1557, 2011 WL 2680686, at *5 (E.D. La. Jul. 8,2011). There is no evidence, nor do the plaintiffs suggest, that the declaration has no possible bearing upon the subject matter of this litigation.

Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question; while scandalous matter is that which improperly casts a derogatory light on someone, most typically on a party to the action. C. Wright & Miller, 5C Fed. Prac. & Proc.3d § 1382. There is no evidence, nor do the plaintiffs suggest, that the declaration is not necessary to the issues in question nor that the declaration improperly casts a derogatory light on anyone.

To the extent the plaintiffs disagree with the facts pertaining to Mr. Herrmann's declaration, "[a] disputed question of fact cannot be decided on a motion to strike." *Augustus v. Board of Public Instruction of Escambia,* 306 F.2d at 868. To the extent the plaintiffs seek to exclude the declaration as evidence authenticating and providing the foundation for consideration of the photographs as part of the administrative record, the use of Rule 12(f) is not the appropriate vehicle. Thus, the plaintiffs improperly raised motion to strike does not meet the requirements of Rule 12(f) and will be denied on that basis.  To the extent the plaintiffs seek to exclude the entire declaration on the basis the declaration came one day later than the brief, this Court will not countenance such a draconian measure given the good faith attempt to meet the deadline and prompt response of the Corps when given the proper advice by the Clerk of Court's office.

With regard to the Motion to Strike portions of the second supplemental administrative record, the plaintiffs want to strike "undated and unattributed" photos entered by the Corps

because they allege that the Corps decision-makers who issued the challenged permits did not consider, nor were they aware of those photos. In the plaintiffs' motion there is no evidence to support striking those photos under Rule 12(f) as there is no showing that the offending material was redundant, immaterial, impertinent, or scandalous matter. Instead, plaintiffs' motion is an attempt to rid the administrative record of photos damaging to their own case that are presumably in conflict with materials they have provided to the Corps.

Under § 706 of the Administrative Procedure Act (APA), when determining whether agency actions, findings or conclusions should be set aside "the reviewing court shall...in making the foregoing determinations...review the whole record or those parts of it cited by a party. . . " This court's "review is to be based on the full administrative record that was before the [decision-maker] at the time he made his decision," *Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 420 (1971) *superceded by statute on other grounds* Pub.L.No. 94-574, 90 Stat. 2721 (1976) *as recognized in Califano v. Sanders,* 430 U.S. 99, 97 (1977).

The plaintiffs are correct that an administrative record should be based on documents used in the Corp's decision-making process, but as the movant, the plaintiffs bear the burden to prove whether the offending materials were not considered. The only evidence to support their allegation was a lack of documentation in the first supplemental administrative record and later a lack of verification. The lack of verification and a failure of inclusion in the first supplemental record leads to the speculation that the Corps did not consider the materials, but does nothing to affirmatively prove there was no consideration.

Conversely, the Corps provided positive evidence in Herrmann's declaration [Doc. 133], providing testimonial evidence that the decision-making Corps officers did in fact consider the material. Herrmann's declaration consisted of sworn statements that identified himself as a

decision-making officer for the Corps in reissuing permits, explained the relevance of the photos to the Corps' decision, pointed out where the materials were referenced in the decision and described the Corps' reasoning for failing to include the photos in the first supplemental administrative record.

The Corps' evidence positively supports consideration of the materials by the Corps in its decision to reissue the challenged permits, and thus those materials are properly retained in the administrative record. Even though the offending materials may be in conflict with other evidence in the record, "the court must consider conflicts in the record and 'define, specifically, those facts which it deems supportive of the agency decision if that is the court's resolution of the matter.' . . .This requires a plenary review of the record as it existed before the agency. . . The district court may not rely on counsel's statements as to what was in the record; the district court *itself* must examine the administrative record and *itself* must find and identify facts that support the agency's action. *Olenhouse v. Commodity Credit Corp.,* 42 F.3d 1560, 1576 (10th Cir. 1994) (emphasis in original) (citations omitted).

Therefore considering the foregoing, the Motion to Strike is DENIED.

Signed at Lafayette, Louisiana this 24th day of February, 2014.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)