UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

LOUISIANA CRAWFISH                    CIVIL ACTION NO. 10-CV-1085
PRODUCERS ASSOCIATION-WEST            consolidated with 11-CV-461

VERSUS                                JUDGE DRELL

MALLARD BASIN, INC.                   MAGISTRATE JUDGE HANNA

**MEMORANDUM  RULING**

Before the undersigned are the plaintiff's Motion to Compel Entry onto

Land [Doc. 138] and a Motion for Protective Order, Motion to Quash and Motion

to Limit Review to the Administrative Record filed by the Corps of Engineers,

Thomas Bostick and Robert L. Van Antwerp (hereinafter collectively the COE).

[Doc. 143].    For the reasons articulated below, the motions are granted in part

and denied in part.

**Doc. 138    Plaintiffs' Motion to Compel Entry onto Land**

The plaintiffs seek an order compelling the defendants and intervenors to

allow entry onto land pursuant to Fed.R.Civ.P. 34 for the purpose of inspection,

measuring, surveying, photographing, testing, or sampling.  They assert they have

made several requests for inspection beginning in March, 2013, but despite the

indication from this Court in a telephone conference on October 29, 2013 that

some discovery would be allowed, including entry onto land, the defendants/intervenors have failed to permit the inspection to date.  The plaintiffs assert that the primary purpose of the intended site visit is to obtain information discoverable and relevant to the claims made in the lead and member cases.  They assert that the burden to the defendants/intervenors is minimal, and they seek entry of an order compelling the inspection on land claimed by any/all of the defendants/intervenors.  They also seek an award of costs and fees incurred incident to the motion.

In opposition to the motion [Rec. Doc. 142], the defendants/intervenors contend that the motion is premature, since the Court has not yet entered a scheduling order in the case.  They further contend that the plaintiffs' entry onto the private property of the defendants/intervenors will not lead to relevant evidence, since the Corps of Engineers' ruling at issue in the citizen suit filed by the Louisiana Environmental Action Network has mooted plaintiffs' allegations against the defendants/intervenors.  They also argue that the plaintiffs should not be entitled to a "crawfishing expedition" to search for new alleged violations because they are unhappy with the Corps of Engineer's ruling on the permits. Finally, they argue that the Corps of Engineers conducted an announced site inspection on March 30, 2012 that focused on the merits of the allegations in the

plaintiffs' 2010 lawsuit.  Since the plaintiffs did not participate in that inspection of their own volition, they should not now be allowed a new open-ended trip.  In the event the Court should order a new inspection, the defendants/intervenors request that it be limited to one day, with two plaintiff participants, accompanied by a representative of the private and federal defendants, and confined to visual inspection and photographing of levees, pumps, and weirs and Louisiana black bear.

On February 19, 2014, this Court ordered that ruling on the motion would be deferred and the plaintiffs were ordered to confect an appropriate Rule 34 notice to be served upon the parties, who would then have the opportunity to lodge objections prior to a ruling by the Court. [Rec. Doc. 148].  To date, this Court has not been made aware of service of such a notice upon the parties or the lodging of any objections by any party.  The Court therefore assumes that the issues presented in the instant motion have been amicably resolved, or otherwise rendered moot. The motion is therefore DENIED, without prejudice to the rights of the plaintiffs to re-urge the motion if appropriate.

**Doc. 143      The Motion to Limit Review to the Administrative Record, for a
             Protective Order, and to Quash Subpoena**

In response to the plaintiffs' service of a notice of deposition and a

subpoena for the deposition of Michael Herrmann of the Corps of Engineers New Orleans District, the COE filed the instant motions, seeking to have the Court enter an order limiting review in this matter to the administrative record, consistent with the Administrative Procedure Act (APA), 5 U.S.C. §706.  They also sought to have the Court quash the subpoena and enter a protective order under Fed.R.Civ.P. 26(c) to bar any further discovery against the COE.

The Motion to Quash was granted on February 19, 2014. [Rec. Doc. 148]. The remaining aspects of the motion remain pending.  The COE argued that this is not a typical case where the plaintiffs seek the introduction of extra-record documents like declarations and expert reports not otherwise included in the administrative record.  Instead, the plaintiffs seek to undertake full-blown discovery which the COE characterizes as a "crawfishing expedition."  They assert the administrative record contains not only sufficient detail of environmental impact studies conducted during the permitting process, but also the comments, objections and other submissions of the plaintiffs during the comment period. They argue that the additional discovery sought by the plaintiffs, for the purposes of preparing post-decisional expert reports beyond the reports and testimony already placed in the record by the plaintiffs, is overbroad and beyond any possible exceptions to the "record rule."

-4-

In response, the plaintiffs argue that the issue of whether the plaintiffs should be allowed to conduct discovery is distinct from the issue of whether the Court can ultimately consider the extra-record evidence the discovery produces. Since Rule 26 allows liberal discovery-even in APA cases, the plaintiffs argue that discovery should be allowed to go forward, leaving for another time the determination of whether the discovered evidence will be considered by the Court. The plaintiffs also contend that, because they have asserted violations of the National Environmental Policy Act (NEPA), 42 U.S.C. §4321-70h, the NEPA exception should apply, but until the discovery at issue is undertaken and the "facts are fleshed out via discovery," the Court cannot properly determine whether the NEPA exception or other exceptions to the record rule will apply.

There is no dispute among the parties that the plaintiffs' complaint alleges violations of NEPA, as well as the Endangered Species Act, 16 U.S.C. §1531-54, and the Clean Water Act (CWA), 33 U.S.C. §1251-1387.  All the claims challenge federal agency action, and such challenges are governed by the APA.  At §706, the APA sets out the scope of review of the agency actions at issue in this litigation:

> To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall--
>
> (1) compel agency action unlawfully withheld or unreasonably delayed; and

(2) hold unlawful and set aside agency action, findings, and conclusions found to be--

      (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

      (B) contrary to constitutional right, power, privilege, or immunity;

      (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;

      (D) without observance of procedure required by law;

      (E) unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or

      (F) unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

In making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error.

Under the APA, "[t]he task of the reviewing court is to apply the appropriate standard of review, 5 U.S.C. § 706 to the agency decision based on the record the agency presents to the reviewing court. . . .'The focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court.'" *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985) quoting *Camp v. Pitts, 411* U.S. 138, 142 (1973), cited in *Sierra Club v. Peterson*, 185 F.3d 349, 369 (5th Cir. 1999).  The

"record rule" has developed as a gesture of comity to the increasing delegation of power to administrative agencies. It recognizes the comprehensive nature of administrative procedures as well as the expertise of the agency in formulating public policy. *Save Our Wetlands v. Conner,* 1999 WL 508365 *1 (E.D.La. 1999); Susannah T. French, *Judicial Review of the Administrative Record in NEPA Litigation*, 81 Calif. L.Rev. 929, 990 (1993).

The plaintiffs correctly point out that review of NEPA cases is not necessarily limited to the administrative record by the "record rule."  Unlike the CWA, which has substantive environmental goals "to restore and maintain the chemical, physical, and biological integrity of the Nation's waters" [33 U.S.C. §1251], NEPA is strictly procedural. The statute does not command the agency to favor an environmentally preferable course of action, only that it make its decision to proceed with the action after taking a "hard look at environmental consequences."  *Robertson v. Methow Valley Citizens Council,* 490 U.S. 332, 350 (1989) (quoting *Kleppe v. Sierra Club,* 427 U.S. 390, 410 n. 21, (1976)). "Indeed, NEPA does not prohibit the undertaking of federal projects patently destructive of the environment; it simply mandates that the agency gather, study, and disseminate information concerning the projects' environmental consequences." *Sabine River Authority. v. U.S. Department of Interior*, 951 F.2d 669, 676 (5th Cir. 1992).

"Other statutes may impose substantive environmental obligations on federal agencies, but NEPA merely prohibits uninformed—rather than unwise—agency action." *Id.,* (quoting *Robertson,* 490 U.S. 351.

NEPA requires, among other things, the preparation of a comprehensive environmental impact statement (EIS) whenever proposals for legislation or other major Federal actions[1] significantly affect the quality of the human environment. 42 U.S.C. §4332(2)(C); 40 C.F.R. §1502. This includes exploration and objective evaluation of all reasonable alternatives to the proposed action.  The Court's evaluation of the adequacy of an EIS includes: "(1)whether the agency in good faith objectively has taken a hard look at the environmental consequences of a proposed action and alternatives; (2) whether the EIS provides detail sufficient to allow those who did not participate in its preparation to understand and consider the pertinent environmental influences involved; and (3) whether the EIS explanation of alternatives is sufficient to permit a reasoned choice among different courses of action." *Mississippi River Basin Alliance v. Westphal*, 230 F.3d 170, 174-75(5th Cir. 2000).

Since the duty imposed by NEPA is to develop a comprehensive

---

[1]An EIS is "not required for non major action or a major action which does not have significant impact on the environment." *Sierra Club v. Hassell,* 636 F.2d 1095, 1097 (5th Cir. 1981).

environmental analysis, extra-record evidence is often necessary to compare with the administrative record and determine whether the agency has "adequately considered the environmental impact under NEPA of a particular project." *Sierra Club v. Peterson*, 185 F.3d 349, 370 (5th Cir. 1999); *Sabine River Authority,* 951 F.2d at 678.  *Coliseum Square Association, et al. v. Jackson, et al.*, 465 F.3d 215, 247 (5th Cir. 2006).

As to the plaintiffs' claims under the CWA and the Endangered Species Act, this Court agrees the record rule applies.  However, the jurisprudence is clear that in NEPA actions, in the appropriate circumstances, the Court may deviate from the "record rule" to consider extra-record evidence.  The problem in this case, as both sides concede, is that the plaintiff-requested discovery has not been narrowly defined.

At this stage, the Court cannot determine whether the Court's review will/should  be limited to the administrative record, and the Court does not determine at this stage whether any evidence which may be discovered by the plaintiffs will be relevant or otherwise admissible for review. What is apparent, however, is that some discovery should be allowed to go forward. Therefore, the Motion to Limit Review to the Administrative Record is DENIED as premature, without prejudice to the COE's right to renew its motion to limit review to the

-9-

administrative record once the discovery allowed by this ruling has been completed.

Fed. R.Civ.P.26(c) a court, on good cause shown, can issue a protective order to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense."  To establish good cause, a movant must provide "a particular and specific demonstration of fact, as distinguished from stereo-typed and conclusory statements."  *In re Terra International, Inc.,* 134 F.3d 302, 306 (5th Cir.1998). (quoting *United States v. Garrett,* 571 F.2d 1323, 1326 n.3 (5th Cir. 1978). Thus, notwithstanding the potential applicability of the record rule, the burden is on the COE to establish the need to withhold extra-record evidence during pre-trial discovery. See also *Save Our Wetlands, Inc. v. Conner*, 1999 WL 508365,*1 (E.D. La.1999).

Since the extra-record material that is the subject of the motions/arguments before the Court has not been identified or adequately described by either side, the COE cannot meet its burden to show "a particular and specific demonstration of fact."  However, discovery devoted to the claims that are subject to the record rule is not appropriate as those claims will only be considered on the administrative record as a matter of law. Therefore, the Motion for Protective Order will be granted in part and denied in part.  The motion is GRANTED to the

-10-

extent that the plaintiffs will not be allowed additional discovery relative to the claims based on the Clean Water Act and the Endangered Species Act.  The motion is DENIED to the extent that the plaintiffs will be allowed to pursue additional discovery, limited to the NEPA challenge to the adequacy of the Corps analysis of the alternatives or impacts associated with the permits at issue. That discovery may include the deposition of Michael Herrmann, on proper notice and narrowed in scope by the rulings set out herein. The claims of the parties for costs/expenses and fees for these motions are DENIED.

Signed at Lafayette, Louisiana this 25th day of August, 2014.


Patrick J. Hanna
United States Magistrate Judge

-11-