# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

LOUISIANA CRAWFISH PRODUCERS  *CIVIL NO. 6:10-1085 c/w 6:11-0461
ASSOCIATION - WEST, ET AL.

VERSUS                                    *JUDGE DRELL

MALLARD BASIN, INC., ET AL.        *MAGISTRATE JUDGE HANNA

## ORDER

Before the Court is the Motion for Discovery filed by the Louisiana Crawfish

Producers Association - West, the Atchafalaya Basinkeepers and the Louisiana

Environmental Action Network (collectively, "the plaintiffs").  [rec. doc. 179].  Mallard

Basin, Inc., Whiskey Bay Island, LLC, and Atchafalaya Investments, LLC,

(collectively, "the private defendants") and the U.S. Army Corps Engineers, Thomas P.

Bostick and Robert L. Van Antwerp (collectively, "the federal defendants") have filed

Objections [rec. docs. 191 and 193], to which the plaintiffs have filed a Reply [rec. doc.

195].  The Motion was originally set to be heard on December 22, 2015. [rec. doc. 181].

However, the Court thereafter advised the parties that the Motion would be determined

without oral argument. [rec. doc. 190].

The plaintiffs seek an order allowing them to enter the private defendants' land to

obtain discovery pursuant to Fed.R.Civ.P. 34.  More specifically, they seek

authorization for a site visit for the purpose of inspection, measuring, surveying,

photographing and examining Fisher Lake (a.k.a. Fisher Bottom) and Bayou Cane.  The plaintiffs assert that the primary purpose of the intended site visit is to obtain information discoverable and relevant to their NEPA claim, challenging the adequacy of the  U.S. Army Corps of Engineers' analysis of the alternatives or impacts associated with the permits at issue in this case.  The plaintiffs contemplate a group of approximately ten persons, consisting of four attorneys or legal representatives, two members of the plaintiff organizations, a surveyor, one or two assistants and a hydrologist. The experts will bring surveying and hydrologic equipment and the plaintiffs will bring a camera. They allege that the inspection will take no longer than one day, and will not harm, alter or adversely affect the environmental integrity of the inspected areas.  A draft Rule 34 Request is attached to the Motion. [rec. doc. 179-2].

On October 8, 2015, the plaintiffs emailed counsel for the private defendants asking if they would agree to allow entry on to their land to obtain discovery.  Attached to that email was a draft proposed Rule 34 Request, setting forth the details of the proposed site visit. The email explained that they were seeking agreement pursuant to the December 10, 2014 Order by the district court, and given that the defendants had previously objected, they wished to obtain the defendants' response to the proposal before bringing the issue by Motion to this Court.  The plaintiffs additionally expressly requested if there were any conditions under which the defendants would agree to the visit. The plaintiffs further advised that if the defendants agreed, or the Court ordered

the discovery, they would formally request the discovery as outlined in their draft. [rec. doc. 179-3].

When no response was forthcoming, on October 20, 2015, plaintiffs' counsel sent a follow-up email requesting a response, attached to which was an "updated draft" of a proposed Rule 34 Request (presumably the same draft attached to the instant Motion). Defense counsel again apparently did not respond.  Another email was sent by plaintiffs' counsel on November 3, 2015, advising that if no response was forthcoming, a motion seeking the proposed discovery would be filed. That same date, defense counsel emailed that she would contact Dr. Schumacher and advise of the response the next day.  On November 4, 2015, without providing any specific objections to the proposed request which had been emailed to her, or any alternative conditions under which the discovery could proceed, defense counsel responded that she had "discussed the scope of [the] proposed site visit with Dr. Schumacher and we can not agree to same." [*See* rec. doc. 179-3, (email chain) and 179-2 (Rule 34 Notice)]. Accordingly, pursuant to the district court's December 10, 2014 Order, the instant Motion was filed. [*See* rec. doc. 175].

In opposition to the Motion, the federal and private defendants contend that the plaintiffs' request for entry onto their private property should not be permitted because the plaintiffs have failed to comply with this Court's February 19, 2014 and August 25, 2014 Orders, allegedly requiring formal service of a Rule 34 Notice before bringing a

motion to compel.  The federal defendants additionally argue that the requested

discovery is inappropriate because the evidence which may be produced by such visit

goes beyond the scope of review permitted in NEPA cases, and hence will not lead to

the discovery of admissible evidence.  The private plaintiffs similarly argue that the

proposed visit amounts to a "crawfishing expedition" to search for new alleged

violations because they are unhappy with the Corps of Engineer's ruling on the permits.

The private defendants further assert that the proposed inspection will not lead to

relevant evidence, since the Corps of Engineers' ruling at issue in the lead action

citizen suit filed by the Louisiana Environmental Action Network has mooted

plaintiffs' allegations against them.  Finally, both the private and federal defendants

argue that the scope of the proposed site inspection is overbroad because the visit will

produce evidence regarding negative impacts to cypress trees and flora which will be

inadmissible with respect to their NEPA claim, and excessive and unreasonable,

because the visit will present logistical difficulties in transporting the proposed group to

the site and is not geographically limited to the permitted work area.

    In the event the Court should order an inspection, however, the private

defendants request that the number of attendees be limited to two attorneys (Mr. Joy

and Ms. Jordan) and one "consultant" to visually examine and presumably photograph

the permitted work, and both the private and federal defendants request that the

inspection likewise be geographically limited to the "permitted work", defined by the

private defendants as "the water control structure, the levee near the water control structure, and the pump and northern dredge ditch" and the federal defendants as "the water control structure and the pump and northern dredged ditch."

Neither party disputes that Rule 34 allows entry upon land as a means of discovery.  Rule 34 generally governs procedures for inspection of property and provides that a party may request "within the scope of Rule 26(b)" entry onto property possessed or controlled by the responding party, so that the requesting party may "inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it." Rule 34(a)(2). The request must be reasonably specific. It "must describe with reasonable particularity each item or category of items to be inspected" and "specify a reasonable . . . manner for the inspection and for performing the related acts." Rule 34(b)(1)(A) and(B).   As amended, Rule 34 requires the party to whom the request is directed to respond in writing as follows: "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons."

Further, Rule 34 must be applied in connection with Rule 26(b).  Federal courts have long embraced a policy of broad and liberal discovery. *Hickman v. Taylor,* 329 U.S. 495, 507, 67 S.Ct. 385, 91 L.Ed. 451 (1947); *Dollar v. Long Mfg. N.C., Inc.*  561 F.2d 613, 616 (5th Cir. 1977); *United States v. McWhirter*, 376 F.2d 102, 106 (5th Cir.

1967).  That policy is reflected in Rule 26(b).  As amended, effective December 1, 2015, Rule 26(b)(1) permits broad discovery of "any nonprivileged  matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . ." Rule 26(b)(1).[1]  The term "relevant" in Rule 26 is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978).  Accordingly,  "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Rule 26(b)(1).

Neither Rule 34 nor Rule 26, however, automatically authorize discovery and the court retains discretion to determine that a discovery request is too broad and oppressive.  *Marshall v. Westinghouse Elec. Corp*., 576 F.2d 588, 592 (5th Cir. 1978). A court must limit discovery otherwise allowed by the Federal Rules of Civil Procedure when "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed.R.Civ.P. 26(b)(2)(C)(i).

With respect to service of discovery requests, "unless the court orders otherwise",

---

[1]The Amendments to Rule 26(b)(1) are designed to promote discovery tailored to meet the reasonable needs of the case, "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

Rule 5 provides for various forms of service upon the attorney for represented parties including by hand delivery, mail, "electronic means if the person consented in writing" or "delivering it by any other means that the person consented to in writing."

On February 19, 2014, this Court deferred ruling on the plaintiffs' prior motion to compel entry onto land to allow the plaintiffs to confect and serve an appropriate Rule 34 Notice, to which the defendants could lodge objections. [rec. doc. 148].  Because the Court had not been made aware of service of such a notice or the lodging of objections to any such notice, by ruling dated August 25, 2014, this Court denied the plaintiffs' prior motion to compel entry onto land without prejudice, assuming that the issues presented in the motion had been amicably resolved, or otherwise rendered moot. In that same ruling with respect to the defendants' motion to limit review of the plaintiffs' claims to the administrative record, the Court found that "[s]ince the duty imposed by NEPA is to develop a comprehensive environmental analysis, extra-record evidence is often necessary to compare with the administrative record and determine whether the agency has 'adequately considered the environmental impact under NEPA of a particular project.'" *Sierra Club v. Peterson*, 185 F.3d 349, 370 (5th Cir. 1999);  *Sabine River Authority. v. U.S. Department of Interior*, 951 F.2d 669, 678 (5th Cir. 1992); *Coliseum Square Association, et al. v. Jackson, et al.*, 465 F.3d 215, 247 (5th Cir. 2006). [rec. doc. 165 at pg. 9].

In denying the defendants' appeal of the undersigned's ruling, the district court

agreed that "[d]iscovery is allowed in NEPA cases" but acknowledged that "what discovery is actually appropriate remains somewhat vague." Given the "pattern . . . of skipping around the edges of the discovery issue", the delays in obtaining discovery and the obvious lack of professional courtesy and cooperation in discovery between the parties, in order "to satisfy the several burdens on the taking of discovery in this case" the district court implemented a specific procedure for discovery in this case. "Going forward, all proposed specific discovery requests not agreed to by the Defendants shall first be presented to the Magistrate Judge with a request and justification for the allowance of the discovery. Defendants shall have ten (10) days to file objections and their justification for not allowing discovery. The Magistrate Judge shall rule in due course." [rec. doc. 175].

With respect to the defendants' argument regarding service of a formal Rule 34 request, as correctly noted by the plaintiffs in their reply, the defendants miss the import of the district court's ruling. Judge Drell sought to speed the discovery process and minimize the need for judicial intervention by implementing a procedure whereby discovery issues could be amicably resolved. Under this procedure, the Court contemplated that a party would present their proposed discovery request to the opposing parties for agreement or objection prior to serving a formal discovery request. In the absence of such agreement, the party requesting discovery was to bring the proposal and the objections before the Court to obtain an order allowing the discovery.

This is exactly what the plaintiffs have attempted to do.  Thus, the defendants objections based on lack of proper service is unfounded.

Furthermore, even if formal service could be considered a prerequisite to the filing of the instant Motion for Discovery, the Court notes that unlike the situation presented by the plaintiffs  prior Motion to Compel, the defendants have already electronically received a detailed discovery request.  While such notice perhaps not technically in conformity with the dictates of Rule 5, certainly provides more than adequate notice of the plaintiffs' intentions, which the Code of Professionalism would suggest not be ignored by the defendants.  Nevertheless, since the Court will allow the proposed site inspection as requested in their draft Rule 34 notice, the plaintiffs will be ordered to properly serve this Rule 34 Notice on the defendants, setting the site inspection for a date on or before January 31, 2016.

The defendants' arguments against permitting the requested discovery are unconvincing.  This Court has repeatedly advised the parties that a site inspection was appropriate in this case and would be ordered.  Indeed, the Court cannot envision a more appropriate form of discovery than that requested. They seek to obtain and develop evidence to compare to that contained in the administrative record to demonstrate inadequacies in the Corps' analysis and to determine whether the Corps took a "hard look" at the environmental consequences of its permitting decision, the duty imposed upon the Corps under NEPA, thereby showing that an uninformed or

unreasoned decision was made.[2]  Nevertheless, the defendants continue to resist the plaintiffs' reasonable request for discovery on tenuous grounds, asserting essentially the same arguments which were made, and implicitly rejected by this Court in connection with their motion to limit review to the administrative record and for a protective order. [*See* rec. doc. 165, pg. 4-11; 143 and 161].

If this Court's prior ruling was in any way ambiguous, the Court now expressly holds that discovery regarding the environmental impact of the permitting decision,

_____

[2]By prior Ruling this Court explained the necessity of discovery in NEPA cases as follows:

. . . NEPA is strictly procedural. The statute does not command the agency to favor an environmentally preferable course of action, only that it make its decision to proceed with the action after taking a "hard look at environmental consequences."  *Robertson v. Methow Valley Citizens Council,* 490 U.S. 332, 350 (1989) (quoting *Kleppe v. Sierra Club,* 427 U.S. 390, 410 n. 21, (1976)). "Indeed, NEPA does not prohibit the undertaking of federal projects patently destructive of the environment; it simply mandates that the agency gather, study, and disseminate information concerning the projects' environmental consequences." *Sabine River Authority. v. U.S. Department of Interior*, 951 F.2d 669, 676 (5th Cir. 1992). "Other statutes may impose substantive environmental obligations on federal agencies, but NEPA merely prohibits uninformed—rather than unwise—agency action." *Id.* (quoting *Robertson,* 490 U.S. 351).

NEPA requires, among other things, the preparation of a comprehensive environmental impact statement (EIS) whenever proposals for legislation or other major Federal actions significantly affect the quality of the human environment. 42 U.S.C. §4332(2)(C); 40 C.F.R. §1502. This includes exploration and objective evaluation of all reasonable alternatives to the proposed action.  The Court's evaluation of the adequacy of an EIS includes: "(1)whether the agency in good faith objectively has taken a hard look at the environmental consequences of a proposed action and alternatives; (2) whether the EIS provides detail sufficient to allow those who did not participate in its preparation to understand and consider the pertinent environmental influences involved; and (3) whether the EIS explanation of alternatives is sufficient to permit a reasoned choice among different courses of action." *Mississippi River Basin Alliance v. Westphal*, 230 F.3d 170, 174-75(5th Cir. 2000).

Since the duty imposed by NEPA is to develop a comprehensive environmental analysis, extra-record evidence is often necessary  to compare with the administrative record and determine whether the agency has  "adequately considered the environmental impact under NEPA of a particular project"adequately considered the environmental impact under NEPA of a particular project." *Sierra Club v. Peterson*, 185 F.3d 349, 370 (5th Cir. 1999); *Sabine River Authority,* 951 F.2d at 678.  *Coliseum Square Association, et al. v. Jackson, et al.*, 465 F.3d 215, 247 (5th Cir. 2006). [rec. doc. 165, at pg. 7-11].

including that necessary to prepare post-decisional expert reports beyond the reports and testimony already contained in the record will be permitted.  Such evidence is clearly relevant to the plaintiffs' NEPA claim as it may be used to compare with the administrative record and aid this Court's determination as to whether the Corp "adequately considered the environmental impact under NEPA" of their permitting decision.  *See Sierra Club v. Peterson*, 185 F.3d 349, 370 (5th Cir. 1999); *Sabine River Authority v. U.S. Dept. of Interior,* 951 F.2d 669, 678 (5th Cir. 1992); *Coliseum Square Association, et al. v. Jackson, et al.*, 465 F.3d 215, 247 (5th Cir.  2006).  That is not to say that any or all of this extra-record evidence developed through this discovery will be otherwise admissible for review.  At this stage, however, admissibility is not at issue.  *See* Rule 26(b)(1).  Rather, at this stage, the Court simply reviews the request for relevance and proportionality.  *Id*.

With respect to the former, the Court cannot say that the requested discovery will not "encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc.,* 437 U.S. at 351.  With respect to the latter, the Court cannot conclude that the requested discovery is disproportional to the needs of the case.  To the contrary, the issues at stake with respect to the plaintiffs' NEPA claim are extremely important not only to the plaintiffs but to all citizens who visit and enjoy the Atchafalaya Basin area and the discovery appears essential for the resolution of the plaintiffs' NEPA claim.  While the

defendants have, or have had, access to the area sought to be inspected, the plaintiffs do not enjoy that same access.  Moreover, there has been no showing that the parties' (or more specifically the defendants') resources are insufficient to accommodate the plaintiffs' request or that the requested discovery will cause the defendants any expense, much less any undue expense. There has been no showing by the private defendants, who ultimately may bear the burden of any "logistical difficulties in transporting the proposed group" cited by the federal defendants, that the burden of the plaintiffs' requested discovery outweighs its likely benefit.

Finally, the Court finds no reason to limit the scope of the discovery as requested by the defendants.  Although the federal defendants cite "logistical difficulties in transporting the proposed group" to the inspected area as justification for limiting the number of persons who may attend the inspection, there has been no showing by the private defendants that they would, in fact,  be unable to accommodate the requested group of nine to ten persons.  Rather, the private defendants provide no argument or any explanation whatsoever as to why the  number of attendees should be limited. Instead, arbitrarily and in a conclusory fashion, they state that only two attorneys, of their choosing (Mr. Joy and Ms. Jordan), and one "consultant" should be permitted on their land.

Likewise, this Court finds no reason to geographically limit the site inspection to "permitted work", that is "the water control structure, the levee near the water control

structure, and the pump and northern dredge ditch."   The relevant area of discovery with respect to the plaintiffs' NEPA claim is the area affected by the permitted work, and is not limited, as the defendants suggest to solely to the area where "permitted work" was performed.  There has been no showing that the affected area does not include  Fisher Lake (a.k.a. Fisher Bottom) and Bayou Cane, or related areas requested to be inspected by the plaintiffs.

For these reasons, the plaintiffs' Motion for Discovery [rec. doc. 179] is **granted**. The plaintiffs are permitted to perform a Rule 34 site inspection in accordance with the terms and details set forth in their draft Rule 34 Request attached to the Motion. [rec. doc. 179-2].  **Within seven (7) days**, the parties shall agree on a mutually convenient date for the inspection.  **The inspection shall be performed no later than January 31, 2016.**  The plaintiffs may serve a Rule 34 Request/Notice on the defendants incorporating the agreed upon inspection date.

**THUS DONE AND SIGNED,** in chambers, in Lafayette, Louisiana, on this 4th day of December, 2015.

_____

**PATRICK J. HANNA**
**UNITED STATES MAGISTRATE JUDGE**